deleting the condition and the motion is granted unconditionally, with $10 costs. This 1955 lawsuit has never been noticed for trial. Plaintiff has unjustifiably failed to return the deposition taken of his testimony as a party, after repeated and insufficiently explained defaults in connection with the taking of such deposition. It is established that plaintiff's multiple delays in the pressing of his claim have been excessive. This is so, even if plaintiff's stricken affidavit is considered. Under rule 156 of the Rules of Civil Practice and section 181 of the Civil Practice Act the action should have been dismissed unconditionally. Plaintiff was entitled to no further grace. Motion to dismiss appeal and/or nullify and vacate the record on appeal as filed herein denied, with $10 costs. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.

■ MERRITT CORPORATION, Appellant, v. MILTON A. BASS et al., Doing Business under the Name of BASS & FRIEND, et al., Respondents.— Order, entered on January 16, 1962, unanimously modified on the law and on the facts, without costs, to provide that the compensation of the Referee appointed by the order entered November 30, 1961, shall be borne in the first instance by the parties jointly, and the amount paid by any party may be taxable or allowable as costs and disbursements herein to the extent provided or authorized by statute; and to further provide that the deposit or additional undertaking directed to be made or filed by the plaintiff shall secure the payments herein directed to be made by plaintiff and any and all costs taxed or allowed as against plaintiff; and the order of November 30, 1961, is modified accordingly; and the order, entered January 12, 1962, is otherwise affirmed, without costs. Under the special circumstances here, it was proper for Special Term, in the exercise of its discretion, to appoint a Referee to conduct the examinations before trial. We do not construe the order of the court as placing upon the plaintiff final responsibility for payment in full of all compensation allowed to the Referee. It is certainly not clear that the court intended at this time to direct the payment by plaintiff of such compensation. In any event, on the record here, such a direction would not be justified. The direction in the order requiring plaintiff to furnish additional security for costs was proper (Civ. Prac. Act, § 1528), and it was also proper to direct dismissal of plaintiff's complaint in the event the security was not furnished (Civ. Prac. Act, § 1529). Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.

■ CHARLES LINDNER, Respondent, v. RUTH EICHEL, as Executrix of JACOB EICHEL, Deceased, Appellant.— Order, entered on December 5, 1961, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ JACK DAVIS, Respondent, v. RUTH EICHEL, as Executrix of JACOB EICHEL, Deceased, Appellant.— Orders, entered on January 11, 1962 and May 2, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO CRUZ, Appellant.— Order, entered on November 23, 1959, unanimously affirmed. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE THOMAS YOUNG, Appellant.— Order, entered on February 1, 1961, unanimously affirmed. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISIAH RAMBERT, Appellant.— Order, entered on March 10, 1961, unanimously affirmed. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ CHARLES LINDNER, Respondent, v. RUTH EICHEL, as Executrix of JACOB EICHEL, Deceased, Appellant.— Order, entered on June 14, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion.

Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ. [34 Misc 2d 840.]

■ ROSE W. GOLDSLEGER, Appellant, v. JOSEPH WEISS, Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ JOSEPH WEISS, Respondent, v. ROSE W. GOLDSLEGER, Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ THOMAS F. DOHERTY, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Order, entered on February 16, 1961, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ In the Matter of MATTHEW L. DWYER, Petitioner, v. MICHAEL J. MURPHY, as Commissioner of Police of the City of New York, et al., Respondents. — Determination of the respondent, Commissioner of Police of the City of New York, unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ NEW YORK PLUMBERS' SPECIALTIES COMPANY, INC., Respondent, v. COLUMBIA CASUALTY COMPANY, Appellant, et al., Defendant.— Order, entered on April 4, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ NANETTE GUILFORD, Respondent, v. SEABOARD SURETY COMPANY, Appellant.— Order and judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ NANETTE GUILFORD, Respondent, v. VIRLEY THOMPSON et al., Defendants. SEABOARD SURETY COMPANY, Appellant.— Order, entered on September 18, 1961, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ MARION EKOVICH, Respondent, v. GREAT EASTERN HOME DEPARTMENTS, INC., et al., Appellants.— Order, entered on January 8, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ IZLIA ARROYO, Mother on Behalf of LUIS ARROYO, JR., et al., Appellants, v. LUIS ARROYO, Respondent.— Order, entered on November 24, 1961, so far as appealed from unanimously affirmed, without costs. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ.

■ TEL-HOTEL CORP., Respondent, v. IRVING MAIDMAN, Doing Business as HOTEL BEVERLY, Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ.

■ HEWLETT PARK COMPANY, Respondent, v. 1193–1205 EAST BROADWAY OF HEWLETT, INC., Defendant, and GEORGE B. LEVINE, Appellant.— Order and judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ.

■ In the Matter of THOMAS J. KENAN.— Application denied on the ground that the applicant has failed to furnish satisfactory proof that he is and has been an actual resident of the State of New York for not less than six months immediately preceding the making of such application for admission, as required by rule 1 (subd. [f], par. [3]) of the Rules of Civil Practice. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.